NOT FOR PUBLICATION

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

FILED

OCT 19 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| VIEN-PHUONG THI HO, Plaintiff - Appellant, v. RECONTRUST COMPANY, NA, subsidiaries of Bank of America, N.A.; COUNTRYWIDE HOME LOANS INC; BANK OF AMERICA, N.A., Defendants - Appellees. | No. 10-56884 D.C. No. 2:10-cv-00741-GW-SS MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
George H. Wu, District Judge, Presiding

Argued and Submitted June 5, 2015
Submission Vacated June 8, 2015
Resubmitted September 3, 2015
Pasadena, California

Before:    **KOZINSKI** and **CALLAHAN**, Circuit Judges, and **KORMAN**,[**]
Senior District Judge.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

**1.** In order to state a civil claim under the Racketeer Influenced and Corrupt Organizations Act (RICO), a plaintiff must allege the existence of an enterprise that is separate from the individual defendants. Cedric Kushner Promotions, Ltd. v. King, 533 U.S. 158, 161 (2001). Despite being given several opportunities to amend her complaint, Ho's allegations regarding a RICO enterprise were consistently conclusory and implausible. She never explained what the alleged enterprise was or how it was distinct from the individual defendants. Thus, Ho's RICO claim must fail. See Bell Atl. Corp. v. Twombly, 550 U.S. 544, 558–63 (2007).

**2.** Section 6 of the Real Estate Settlement Procedures Act (RESPA) provides that a "loan servicer" must respond to a borrower's "qualified written request [QWR] . . . for information relating to the servicing of [his] loan." 12 U.S.C. § 2605(e). The RESPA implementing regulation applicable to this case allowed loan servicers to designate a single address to which all QWRs must be routed. 24 C.F.R. § 3500.21(e)(1) (2009). It also provided that loan servicers were only required to respond to requests mailed to that specific address. Id. Ho claims that the defendants violated RESPA by failing to respond to three letters she mailed in 2009. This claim fails for two reasons. First, Ho did not send her

requests for information to the address specified by her loan servicer. Second, Ho sent her requests to ReconTrust (the trustee of her deed of trust) and Mortgage Electronic Registration Systems (the lender nominee). Since neither of these entities was the loan servicer, neither entity was required by RESPA to respond to Ho's QWRs.

**3.** Ho argues that the defendants violated section 8(b) of RESPA by charging her improper fees in connection with the foreclosure. See 12 U.S.C. § 2607(b). This claim fails because Ho did not include it in any of the versions of her complaint. See Crawford v. Lungren, 96 F.3d 380, 389 n.6. (9th Cir. 1996).

**4.** The Truth in Lending Act (TILA) provides that consumers may collect damages if a lender fails to provide certain notices and disclosures upon finalization of the loan. 15 U.S.C. §§ 1635, 1640(a). Ho signed her loan documents in June 2007. She alleges that she was not given a copy of the required TILA disclosures until July 2009. The statute of limitations for a TILA damages claim is one year. § 1640(e). Because Ho should have received the disclosures in June 2007, she had until June 2008 to bring her claim. But Ho did not bring her claim until 2010. Thus, the district court correctly held that the claim is time-barred.

On appeal, Ho claims that the statute of limitations should have been equitably tolled until she received a copy of her disclosure letter in July 2009. We have held that TILA's statute of limitations can be equitably tolled "until the borrower discovers or had [a] reasonable opportunity to discover the fraud or nondisclosures that form the basis of the TILA action." King v. California, 784 F.2d 910, 914–15 (9th Cir. 1986). Assuming Ho's representations are true, she would have been on notice in June 2007 that she had not received the required disclosures.

**5.** Ho seeks damages under TILA on the ground that Countrywide failed to respond to her rescission notice within 20 days. 15 U.S.C. §§ 1635(b), 1640(a). We decline to consider this claim because Ho raises it for the first time on appeal. See Crawford, 96 F.3d at 389 n.6.

**6.** Ho's complaint alleged that her loan servicer violated the Fair Debt Collection Practices Act (FDCPA) by harassing her when attempting to collect a debt. See 15 U.S.C. §§ 1692c–f. Defendants moved to dismiss this claim on the ground that loan servicers are not subject to liability under the FDCPA. Ho did not address the defendants' argument in her opposition to the motion to dismiss. The district court therefore granted the motion to dismiss. Ho moved for

reconsideration of several issues decided in the district court's order, but did not move for reconsideration on this issue. On appeal, Ho argues that the district court erred. We will not consider this argument because it was raised for the first time on appeal. <u>See</u> <u>Crawford</u>, 96 F.3d at 389 n.6; <u>see also</u> <u>Shakur</u> v. <u>Schriro</u>, 514 F.3d 878, 892 (9th Cir. 2008) (litigants waive arguments by failing to raise them in an opposition to a motion to dismiss).

**AFFIRMED.**